UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FEAST FOODS, LLC, a California limited liability company, | No. |
| | COMPLAINT |
| Plaintiff, | DEMAND FOR JURY |
| v. | |
| HOUSTON CASUALTY COMPANY, a foreign corporation, | |
| Defendant. | |

Plaintiff Feast Foods, LLC ("Feast Foods") alleges as follows:

**I. INTRODUCTION**

1. This is an action for declaratory judgment, breach of contract, bad faith, and breach of the Washington Consumer Protection Act ("CPA") seeking, *inter alia*, a declaration of the rights and duties of Feast Foods and Houston Casualty Company ("HC") under Policy No. H724-939150 ("the Policy"). The Policy provides employment practices liability coverage with a policy limit of $1,000,000 and deductibles of $50,000 or $35,000 depending on the type of claim.

COMPLAINT - 1

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

2. On January 31, 2025, Sahara Jacobson filed a lawsuit against Feast Foods in King County Superior Court alleging violations of RCW 49.58.110 by failing to post the wage scale or salary range in its job postings ("Underlying Lawsuit").

3. Feast Foods timely reported the claims to HC during the Policy Period. HC has acknowledged the claims were made and timely reported to HC within the Policy Period. HC has refused to defend Feast Foods outside of the Policy's Wage and Hour Defense Costs Sublimit Endorsement and has denied any duty to indemnify Feast Foods based on the wage and hour exclusion and definition of "Loss" in the Policy.

4. Through this lawsuit, Feast Foods seeks:

- Declaratory relief;

- Damages for breach of HC's contractual duties under the Policy;

- Damages for HC's bad faith and violations of the CPA, including violations of the Washington Unfair Claims Settlement Practices Act, including actual, compensatory, and multiplied damages;

- Pre-judgment and post-judgment interest; and

- Attorneys' fees and costs incurred by Feast Foods in pursuing its insurance claim and prosecuting this action, pursuant to the CPA and *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) and its progeny.

## II.  PARTIES

5. Plaintiff Feast Foods, LLC, is a limited liability company organized under the laws of the State of California. Feast Foods is licensed to do business, and does do business, in

COMPLAINT - 2

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

the State of Washington. Specifically, Feast Foods operates Jack in the Box restaurants in the State of Washington, including locations in Seattle, Washington.

6. Defendant Houston Casualty Company is a corporation organized under the laws of the State of Texas with its principal place of business in the State of Texas.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a controversy between citizens of different U.S. states and the matter exceeds the sum specified by 28 U.S.C. § 1332(a), exclusive of interest and costs.

8. This Court has personal jurisdiction over the parties as Feast Foods conducts business in the State of Washington and HC issued an insurance policy to Feast Foods insuring the risks arising from Feast Foods' business activities in the State of Washington.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District. Venue is also proper under RCW 48.05.220.

### IV. FACTUAL ALLEGATIONS

10. HC insures Feast Foods under an employment practices liability policy, no. H724-939150, effective from September 30, 2024 to September 30, 2025. The policy has a limit of $1,000,000 and a deductible of $50,000 or $35,000 depending on the type of claim. The Policy is written on a claims-made and reported basis, which requires that any claim be made and reported to HC during the policy period. There is no dispute that the claims alleged in the Underlying Lawsuit were made and timely reported to HC within the policy period.

11. HC refused to defend Feast Foods under the Policy's main insuring agreement and has only agreed to defend Feast Foods under the Policy's Wage and Hour Defense Costs

Sublimit Endorsement, limiting HC's defense expenditure to $25,000 after Feast Foods meets the increased $50,000 deductible. HC refused to indemnify Feast Foods for the Underlying Lawsuit based on the wage and hour law exclusion and the Policy's definition of "Loss."

12. The wage and hour law exclusion provides, in relevant part, as follows:

This Policy does not apply to any Loss:

[…]

(B) for, based upon, or arising from an actual or alleged violation of the Fair Labor Standards Act or any other federal, state, or local wage and hour law, regulation, or order, including, but not limited to, those relating to overtime compensation, on-call time, minimum wage, employment misclassification, gratuities, vacation pay, meal and rest breaks, uniform and equipment reimbursement, payroll deductions, waiting time penalties, books, records, and documentation obligations, mileage or other business expense reimbursement. This Exclusion does not apply to any separate Loss or Defense Costs arising from an Employment Practices Wrongful Act.

13. The Policy defines loss, in relevant part, as follows:

(K) Loss

"Loss" means compensatory damages pursuant to any settlement, judgment or award, statutory attorneys' fees, and pre- and post-judgment interest awarded by a court. "Loss" shall also include the non-multiplied portion of any multiplied damage award and punitive or exemplary damages to the extent such damages are insurable under the law of the most favorable applicable jurisdiction that allows coverage for such damages.

"Loss" does not include:…

(3) liquidated damages or the multiplied portion of any multiplied damages award;…

(5) taxes, civil or criminal fines, or penalties imposed by law;…

(9) amounts owed under any federal, state or local wage and hour laws,

including, but not limited to, the Fair Labor Standards Act;

COMPLAINT - 4

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

14. On July 15, 2025, Feast Foods sent a Washington Insurance Fair Conduct Act ("IFCA") notice to HC. Feast Foods reserves its right to amend this complaint to add a cause of action under IFCA if HC fails to cure its IFCA violations within the statutory time limit.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

15. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

16. A real and justiciable controversy exists over the coverage provided by the Policy, including the scope and extent of coverage and/or benefits.

17. HC articulated the basis for its coverage position in writing to Feast Foods via letter dated April 29, 2025. In the event HC seeks to add or to change the basis of its denial of Policy benefits, a real and justiciable controversy exists over whether HC is estopped from doing so. These estoppel principles are addressed, *inter alia*, in *Vision One v. Philadelphia Indem. Ins. Co.*, 174 Wn.2d 501 (2012), *Ledcor Indus. (USA) Inc. v. Virginia Sur. Co., Inc.*, No. 09-CV-01807 RSM, 2012 WL 223904 (W.D. Wash. Jan. 25, 2012), and *Karpenski v. Am. Gen. Life. Co., LLC*, 999 F. Supp. 2d 1235 (W.D. Wash. 2014).

18. Feast Foods is entitled to a declaration by this Court that HC is required to defend Feast Foods under the Policy's main insuring agreement, not the Wage and Hour Defense Costs Sublimit Endorsement, that the claims alleged in the Underlying Lawsuit are Employment Practices Wrongful Acts seeking Loss, and that any judgment or settlement in the Underlying Lawsuit is covered by the Policy. Feast Foods is also entitled to a declaration that HC is estopped from raising any defenses to coverage other than as might have been provided prior to the filing of this action.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

19. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

20. HC breached the contract of insurance at issue by failing or refusing to pay for the full amount of Policy benefits it owes as a result of the Underlying Lawsuit, failing to conduct a reasonable investigation of the Underlying Lawsuit, misrepresenting terms of the Policy and/or not otherwise discharging its obligations under the Policy.

21. As a direct and proximate result of HC's breach of the insurance contract, Feast Foods has been prejudiced and deprived of the benefits of its insurance coverage under the Policy. Feast Foods is entitled to a money judgment against HC for the full settlement or judgment amount of the Underlying Lawsuit and any and all other damages, benefits, and reimbursements to which Feast Foods is entitled under the provisions of the Policy, plus any and all consequential damages flowing from that breach.

22. As another direct and proximate result of HC's breach of the insurance contract, Feast Foods has been forced to incur attorneys' fees and other expenses in order to prosecute this action and is entitled to reimbursement of these fees and expenses in accordance with the principles announced in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991), and its progeny.

## THIRD CAUSE OF ACTION: BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIRD DEALING

23. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

COMPLAINT - 6

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

24. HC owes Feast Foods a statutory and common law duty of good faith and fair dealing. Pursuant to that duty, HC is obliged from taking any action that is unreasonable and unfounded. HC is likewise required to deal fairly with Feast Foods and give equal consideration to (and not put its own interests ahead of) Feast Foods' financial interests.

25. HC breached its duty of good faith and fair dealing as set forth in this Complaint, including by conducting an unreasonable investigation, unreasonably denying coverage, improperly applying Policy terms, failing to fully disclose Policy benefits and coverages, placing its financial interests ahead of Feast Foods', failing to abide by the Washington Administrative Code, WAC 284-30, *et seq.*, and not attempting in good faith to effectuate the prompt, fair, and equitable settlement of the Underlying Lawsuit.

26. As a direct and proximate result of HC's breach of the covenant of good faith and fair dealing, Feast Foods has suffered damages in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION: VIOLATION OF THE UNFAIR CLAIMS SETTLEMENT PRACTICES ACT (WAC 284-30, *ET SEQ.*)**

27. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

28. Washington has adopted the Unfair Claims Settlement Practices Act under Chapter 284-30, *et seq.* of the WAC. HC violated the Unfair Claims Settlement Practices Act as described above.

29. The violation of one provision of the Unfair Claims Settlement Practices Act is a *per se* violation of the CPA, and entitles Feast Foods to exemplary damages, attorneys' fees, and costs. HC also committed non *per se* violations of the CPA.

**RESERVATION OF RIGHTS**

30. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

31. On July 15, 2025, Feast Foods filed a 20-day IFCA Notification Sheet with the Washington Office of the Insurance Commissioner. This written notice, along with the bases for Feast Foods' IFCA cause of action, was provided to HC the same day.

32. Feast Foods reserves its right to amend this complaint to add a cause of action under IFCA if HC fails to cure its IFCA violations within the statutory time limit.

**JURY DEMAND**

Plaintiff Feast Foods demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Feast Foods prays for the following relief:

1. That this court declare and decree that HC must defend Feast Foods under the Policy's main insuring agreement, not the Wage and Hour Defense Costs Sublimit Endorsement, and that any judgment or settlement of the Underlying Lawsuit constitutes a covered Loss under the Policy.

2. That this court declare and decree that HC breached the Policy.

3. That this court declare and decree that HC breached the covenant of good faith and fair dealing, violated the Washington Administrative Code 284-30, *et seq.*, and the CPA.

4. That Feast Foods be awarded money damages in its favor and against HC for the Underlying Lawsuit, and any and all other damages, benefits, reimbursements to which Feast Foods is entitled under the provisions of the Policy, at common law, and/or under the CPA, together with pre-judgment and post-judgment interest.

COMPLAINT - 8

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

5. That Feast Foods be awarded its reasonable attorneys' fees and costs, including, without limitation, actual attorneys' fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991).

6. That Feast Foods be awarded such other and further relief as is just, proper, and equitable under the circumstances.

DATED this 15th day of July, 2025.

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff Feast Foods, LLC


By   *s/ Brendan Winslow-Nason*
     Brendan Winslow-Nason, WSBA #39328

     *s/ Katherine S. Wan*
     Katherine S. Wan, WSBA #58647
     600 University Street, Suite 2915
     Seattle, Washington 98101
     206.467.6477
     Bwinslow-nason@gordontilden.com
     kwan@gordontilden.com